IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOMMIA DEAN,<br><br>    Plaintiff,<br><br>v.<br><br>SAMUEL S. OLENS, SCOTT WHITLOCK, and MATT GRIFFIN,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:18-cv-4224-TCB |

**O R D E R**

**I.   Background**

Plaintiff Tommia Dean is a former Kennesaw State University cheerleader. In the fall of 2017, she and some of her cheerleading teammates protested racial injustice and police brutality by kneeling during the playing of the national anthem before KSU home football games. Dean claims that Defendants violated her First Amendment rights by changing the pre-game routine such that she and the other

cheerleaders do not take the field (and thus come into public view) until after the anthem is played.

This brief overview of the case suffices for purposes of this Order; the facts as averred by Dean are more fully set forth in the Court's February 7 order [36] granting Neil Warren and Earl Ehrhart's motions to dismiss.

Before the Court granted Ehrhart and Warren's motions to dismiss, Defendants filed an answer [18] and an amended answer [33] on November 19 and December 10, 2018, respectively. Following the dismissal order, the remaining Defendants filed the instant motion [38] for judgment on the pleadings, asserting qualified immunity. The Court stayed [40] the case pending the resolution of this motion.

## II.   Legal Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." FED. R. CIV. P. 12(c). Judgment on the pleadings is appropriate only "when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).

When reviewing a motion for judgment on the pleadings, the Court considers only the substance of the pleadings and any judicially noticed facts, and it accepts the facts in the pleadings as true and views them in the light most favorable to the nonmoving party. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

### III. Discussion

Defendants contend that they are entitled to judgment on the pleadings because they are entitled to qualified immunity as to Dean's First Amendment claims brought under 42 U.S.C. § 1983.

"Qualified immunity protects government actors performing discretionary functions from being sued in their individual capacities." *May v. City of Nahunta*, 846 F.3d 1320, 1327 (11th Cir. 2017) (quoting *Holmes v. Kucynda*, 321 F.3d 1069, 1077 (11th Cir. 2003)). "In evaluating a government actor's entitlement to qualified immunity, the Supreme Court has developed an objective-reasonableness test wherein 'the official's actions must be evaluated against "clearly established law," consisting of statutory or constitutional rights that a reasonable

person should have known.'" *Id.* (quoting *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991)).

To enjoy qualified immunity, the defendant-official bears the burden of showing that he was acting within his discretionary authority.

> [O]nce [the Court] determine[s] that a defendant was acting within his discretionary authority at the time of the challenged conduct, we engage in a two-prong analysis to evaluate whether he is entitled to qualified immunity. First, we consider whether the facts—viewed in the light most favorable to the plaintiff—establish that a constitutional right has been violated. Second, we determine whether that right was clearly established at the time of [the] alleged conduct. "Both elements of this test must be satisfied for an official to lose qualified immunity, and this two-prong inquiry may be done in whatever order is deemed appropriate for the case."

*Id.* (citations omitted) (quoting *Grider v. City of Auburn*, 618 F.3d 1240, 1254 (11th Cir. 2010)). Whether a defendant-official is entitled to qualified immunity "is a question of law for the courts . . . ." *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).

Thus, the Court must first determine the threshold question of whether Defendants have carried their burden of demonstrating that

they were acting within their discretionary authority before it moves to the substantive qualified-immunity analysis.

To determine whether a defendant-official was acting within his discretionary authority, the Court asks "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 12665 (11th Cir. 2004).

To preclude a defense of qualified immunity, the Plaintiff must do more than simply show that the official acted wrongly.

> One might reasonably believe that violating someone's constitutional rights is never a legitimate job-related function or within the scope of a government official's authority or power. . . . "[But] the inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act. . . ." In applying each prong of [the discretionary function] test, [courts] look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances.

*Id.* at 1266 (citation omitted) (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)).

5

Thus, it is important to define the defendant-official's conduct at the appropriate level of generality.

> If framed too narrowly, such as whether it was within a defendant's discretion to violate a plaintiff's constitutional rights, "the inquiry is no more than an untenable tautology." If framed too generally, such as whether it was within a defendant's discretion to perform acts to further the public interest, then every act performed by a government employee would qualify. The test developed by [the Eleventh Circuit] is to characterize a government official's actions "at the minimum level of generality necessary to remove the constitutional taint."

*Kjellsen v. Mills*, 209 F. App'x 927, 929 (11th Cir. 2006) (citations omitted) (first quoting *Holloman*, 370 F.3d at 1266; and then quoting *id.*).

Thus, the Court must first define what Defendants did before it can determine whether they had had the authority to do it. Here, Dean asserts a constitutional violation based on Defendants' alleged role in changing the pre-game show so that she and her cheerleading teammates were held in a stadium tunnel, rather than being allowed on the field, during the national anthem. Therefore, the question is whether Defendants have shown that their official duties included managing the pre-game routine.

Here, Defendants only conclusorily argue that the KSU president and top-level athletic department officials had the authority to change the pre-game show. Without more, this is no more than "[a] bald assertion that the acts were taken pursuant to the performance of duties and within the scope of duties[,which] will not suffice." *Harbert Int'l, Inc.*, 157 F.3d at 1282 (quoting *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 830 (11th Cir. 1982)).

While there are no affirmative averments of Defendants' discretionary authority, Defendants suggest in a footnote in their reply brief [42] in support of their motion that the Court consider "implications" from the pleadings regarding the nature and scope of their official duties. It may be tempting to infer that these particular officials (a school president and athletic officials) were acting within the scope of their discretionary authority when they made the changes to the football pre-game show. But at this stage of the proceedings, inferences should be drawn only in favor of Dean. *Cf., e.g., EEOC v. Rosebud Rests., Inc.*, 85 F. Supp. 3d 1002, 1006 (N.D. Ill. 2015) ("The drawing of such inferences would be inconsistent with the Court's

previously stated obligation to take alleged facts as true and to draw inferences *only in favor of the plaintiff* for its 12(b)(6) analysis." (emphasis added)). To draw the inferences requested by Defendants would render their burden on qualified immunity illusory, and require the Court to draw upon information outside the universe of the pleadings in deciding this motion. This the Court cannot do.

Just as a plaintiff bears the burden of averring facts to survive a motion to dismiss, Defendants must also ground their claim of qualified immunity (at the motion-to-dismiss/judgment-on-the-pleadings stage) in factual assertions regarding the scope and source of their official authority. *See, e.g.*, *Harbert Int'l, Inc.*, 157 F.3d at 1283–84 (examining the Alabama Code to determine the scope of the defendants' authority for purposes of qualified immunity); *O'Boyle v. Sweetapple*, No. 9:14-cv-81250-KAM, 2015 WL 13574304, at *10 (S.D. Fla. June 4, 2015) (examining at motion-to-dismiss stage a town charter to determine whether the defendant-mayor was acting within the scope of his discretionary authority); *see also Beech v. City of Mobile*, 874 F. Supp. 1305, 1310 (S.D. Ala. 1994) (concluding that defendants failed to show

8

discretionary authority and giving examples of potentially probative evidence, such as "standard operating procedures contained in their police manuals.").

Absent a factual basis in the pleadings for the defense of qualified immunity, Defendants' motion must be denied. *Accord Mar. Petroleum Assocs., LLC v. City of Ft. Lauderdale*, No. 10-62463-civ-ZLOCH, 2011 WL 13217924, at *3 (S.D. Fla. July 27, 2011) ("In fact, district courts have committed error by granting qualified immunity without first developing a factual record that supports a finding of discretionary authority."); *Cassady v. Walker*, No. cv 109-128, 2010 WL 4867529, at *7 (S.D. Ga. Oct. 15, 2010) ("Here, Defendants have not even attempted to meet their burden of showing that they were acting within their discretionary authority when the allegedly wrongful acts occurred.").

## IV. Conclusion

The Court concludes that Defendants have not carried their burden of showing entitlement to qualified immunity. Their motion [38] for judgment on the pleadings is accordingly denied. This case is no

longer stayed, therefore the parties should file their joint preliminary report and discovery plan within twenty-one days.

Finally, Ehrhart's motion [37] for a final judgment pursuant to Rule 54(b) is granted.

IT IS SO ORDERED this 7th day of June, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge